IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br>v.<br><br>BRYCE PAYNE,<br><br>                       Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO CONTINUE TRIAL<br><br>Case No. 2:11-cr-501-DN-PMW<br><br>District Judge David Nuffer |

Defendant Bryce Payne filed a motion to continue the trial currently set to begin on February 1, 2016.[1] The Motion is DENIED. Payne has three major reasons trial should be continued, each of which is without merit. This order is based on Payne's allegations. There has been no response to the Motion by the government. But Payne's alleged facts and arguments are insufficient, obviating the need for more briefing.

### ANTICIPATED RECOVERY OF MISSING EMAILS

Defendant Payne argues there are blocks of data missing from iWorks' Zeus email server as that data was loaded into the defendants' Concordance discovery platform. This platform allows the defendants to review electronic discovery. Eric Wheeler, the court appointed Digital Forensic Analyst, "received information" in June 2015 that there were discrepancies between email data file sizes produced to the defense and those reported by the receiver to the Federal Bureau of Investigation (FBI). The court appointed receiver for iWorks in *Federal Trade Commission v. Jeremy Johnson*, Case No. 2:10-cv-2203 (D. Nev.) is in possession of the server.

---

[1] Motion to Continue the Trial (Motion), docket no. 818, filed December 9, 2015.

The prosecution has never has custody of this server but has relied on the same data extractions as were delivered to the defendants.

Upon further investigation, Mr. Wheeler determined that some blocks of data were apparently missing from the copy of the Zeus server defendants received.[2] Mr. Payne alleges that his and his co-defendants' emails are missing during specific time frames. But not all emails during that time frame are missing. The prosecution provided a detailed *James* proffer of the emails they intend to use at trial *which include emails from the senders and timeframes Payne claims are missing*.[3]

The prosecution has worked with the same Zeus server data as was provided to the defendants. The prosecution is not relying on any data from the new data store Payne feels should be pursued. Payne offers no explanation for the belated discovery of the discrepancy in data file sizes.

Further, the possibility of recovering meaningful data is unknown. Mr. Payne argues that "Special Agent Randy Kim, from the Rocky Mountain Regional Forensics Computer Laboratory has indicated *it may be possible* to obtain the emails by Cloning the drive of the Zeus server, then using the Cloned Drive in the Zeus server to check various reset points."[4] Mr. Payne also states that this process will take approximately two weeks, "after which the emails will be available to defendants."[5] However, this extraction process and actual ability to retrieve any data, whether there is actually missing email data, and the materiality of any data retrieved is all speculative, unsupported by evidence. Payne offers no facts, just argument.

---

[2] Motion at 2.

[3] *See* Response to Motion for *James* Hearing and Evidentiary Proffer, docket no. 671, filed under seal October 2, 2015 and Redacted Response, docket no. 669, filed October 5, 2015.

[4] Motion at 3 (emphasis added). No declaration is submitted in support of this statement attributed to Special Agent Kim.

[5] *Id*.

**PARTITIONED ZEUS DRIVE**

Payne argues that when S.A. Randy Kim was imaging the Zeus server to see if missing data could be retrieved, he discovered that the drive was partitioned, and that a partition on the server contained data that had never been produced ("New Data"). Without actually viewing any of this data, or reciting its nature or composition, and without any allegation that the prosecution has made use of any of this data, Mr. Payne claims, "The New Data does not appear to be the same material previously provided the defendants from the Zeus server."[6] Mr. Payne also claims that the New Data contains "5.3-6.3 Million new documents."[7] Again, this argument is speculation and based on defense counsels' anticipation about data which neither the prosecution not defense has seen.

**MEMORANDUM OF INTERVIEWS (MOI)**

Mr. Payne also complains that Mr. Wheeler did not load Memoranda of Interview (MOI) produced by the United States onto Concordance until December 7, 2015. He says there are now 771 additional MOIs to review and that witnesses will then need to be located and interviewed. Yet, Mr. Payne also states that "Defense counsel has reviewed 169 MOIs previously received directly from the United States."[8] The Motion contains no explanation why the additional MOIs were loaded so late, or why "to date the defendants have not interviewed any witnesses in this case."[9] Without actually reviewing this database or reflecting any knowledge about the newly loaded MOIs, Mr. Payne simply states, "Presumably, there are 711 additional MOI now requiring defense review."[10] Presumption and speculation are not grounds for a trial continuance.

---

[6] *Id*. at 4.

[7] *Id*.

[8] *Id*. at 5.

[9] *Id.*at 6.

[10] *Id*.

Actual facts should be provided to the court for a continuance determination. Lack of diligence in a case as old as this is not a reason to delay trial.

## MORE RESOURCES ARE AVAILABLE

The Superseding Indictment charging all current defendants in this case was filed on March 6, 2013. Since that time, Magistrate Judge Paul Warner has been handling the pretrial management of this case. He has continually advised the defendants that they were free to ask for and receive more resources, but the trial date would not be moved. That admonition stands. If Defendants need more help reviewing the data, they must immediately seek additional resources. But the trial date will not be moved.

## NEVADA CIVL TRIAL CONFLICT

Mr. Payne argues that the criminal trial should be continued because the Nevada civil trial may overlap on the criminal trial setting. Mr. Payne reports that the Nevada trial is scheduled to begin on January 19, 2016. He does not state the duration of that trial. The motion also states, "Bryce Payne settled in the civil case and has not been a party since October 21, 2013."[11] Since he is not participating in the Nevada trial, there is no conflict or overlap for Mr. Payne and he had no standing to assert a trial conflict as justification for continuing the criminal trial. For the same reasons, Jeremy Johnson's February 2016 Order to Show Cause hearing in the Nevada case does not create a scheduling conflict that Mr. Payne may raise.

## CLAIMED GOOD FAITH IN SEEKING CONTINUANCE

Defense counsel claims to "seek the continuance of the trial in this case in good faith."[12] The motion was filed only by Defendant Payne. Yet counsel attempts to justify a continuance based on issues pertaining to other defendants in this case and purports to speak on their behalf.

---

[11] *Id*. at 7.

[12] *Id*. at 8.

Presumption, assumption, speculation, and anticipation do not justify moving a trial date which has long been set in a five year old criminal case.

This motion is obstructive, and misdirects the attention of court and counsel to superfluous issues and wastes time needed to prepare for trial on the massive amounts of information already available. Scorched earth discovery techniques into sources never examined by the prosecution are not appropriate.

## ORDER

IT IS HEREBY ORDERED that the Motion to Continue the Trial[13] is DENIED.

Signed December 11, 2015.

BY THE COURT

_____
District Judge David Nuffer

---

[13] Docket no. 818, filed December 9, 2015.